**CAXTON BUILDING COMPANY, Appellant, v. EVATT, TAX COMMR., Appellee.**

Board of Tax Appeals

No. 9399. Decided April 29, 1946.

Thompson, Hine and Flory, Cleveland, for appellant.

Hon. Hugh S. Jenkins, Attorney General, and Joseph F. Ford, Assistant Attorney General, for appellee.

**ENTRY**

This cause and matter came on to be heard and considered by the Board of Tax Appeals upon an appeal filed herein under date of November 9, 1944, by the appellant above named from a final order of the tax commissioner under date of October 16, 1944, which order modified, and as modified, confirmed a certification theretofore made by said officer of increased corporation franchise taxes against the appellant for the tax years 1939 to 1943, inclusive. Said cause was heard upon said appeal, upon the transcript of the proceedings of the tax commissioner relating to said increased tax assessments aforesaid, upon evidence offered and introduced by the appellant on a hearing of the appeal before an examiner of the Board, upon a stipulation of fact filed herein and upon the briefs of counsel.

Upon the consideration of the case as thus submitted, the Board of Tax Appeals finds that the appellant, an Ohio corporation, during each and all of the tax years here in question and prior thereto was the owner and operator of a large office and mercantile building in the City of Cleveland, Ohio; and that all of its property and business was and is in this state. In this situation any and all corporation franchise taxes provided for by §5499 GC, which were assessable against the appellant for said tax years were properly extended against the total valuation of the issued and outstanding shares of stock of said corporation for said respective years. In this connection §5498 GC provides:

"For the purpose of this act, the value of the issued and outstanding shares of stock of any such corporation shall be deemed to be the total value, as shown by the books of the company of its capital, surplus, whether earned or unearned, undivided profits and reserves, but exclusive of (a) proper and reasonable reserves for depreciation, and depletion as determined by the tax commission, (b) taxes due and payable during the year for which such report was made, (c) the item of good will as set up in the annual report of the corporation when said annual report is accompanied by certified balance sheet showing such item of good will carried as an asset on the books of the company, (such balance sheet shall not be deem-

ed a part of the public records, but shall be a confidential report for use of the commission only) and (d) such further amount as upon satisfactory proof furnished by the corporation, the tax commission may find to represent the amount, if any, by which the value of the assets (other than good will) of the corporation as carried on its books exceeds the fair value thereof. Claim for the deduction of such difference must be made by the corporation at the time of filing its report."

It further appears that practically the whole of the property and assets of the appellant company consists of said office building and the fixed machinery and equipment therein taxable as real property and as a part of said building. And, save as to a minor and inconsequential additional surplus account item ($614.00), as to the tax year 1943, the increase in the valuation of the issued and outstanding shares of stock of the company for each of the tax years 1939 to 1943, inclusive, with the resulting increase in the amount of the corporation franchise tax for each of said years, was due to an increase in the net book value of said building and the fixed machinery and equipment therein, which increase was effected by the action of the tax commissioner in disallowing a part of the depreciation reserve set up by the company for each of said years. As to this, the following stipulation of fact appears in the record of this case:

"It is hereby stipulated between the parties hereto that the following statements of fact are true and may be considered as a part of the evidence in the determination of the appeal of The Caxton Building Company in this cause:

"The appellee, William S. Evatt, tax commissioner, increased the net book value of appellant's building to the assessed value thereof as fixed by the auditor of Cuyahoga County, Ohio, for the respective years by disallowing depreciation reserves to the extent that such assessed value exceeded net book value."

The appellant company as to each of said tax years set out on its books said building and fixed machinery and equipment at cost and against this cost it set up depreciation reserve for the purpose of thereby obtaining its determined net book value of said property. Thus in the year 1939 the cost of said property as set up on the company's books was the sum of $461,038. Against this the company set up a deprecia-

tion reserve for said tax year in the amount of $244,208., resulting in a net book value of the property of $216,830. For the year 1939, as in each and all of the other tax years here in question, the assessed value of said building, including therein and as a part thereof such fixed machinery and equipment, was the sum of $317,280., as the same appears on the tax list and duplicate of said county for said tax year. The tax commissioner, for the purpose of determining book value of said property for said year, disallowed and deducted from the whole amount of the depreciation reserve set up by the company for such year the sum of $100,450., which was and is the amount by which the assessed value of such property exceeded the net book value thereof as the same appeared on the books of the company. This sum of $100,450. was added to the original value of the issued and outstanding shares of stock of the company for the year 1939 ($371,421.), as indicated by the corporation franchise tax report of the company for said year; and as a result of this action an increased corporation franchise tax assessment in the sum of $100.45 was certified against the company for such tax year. As the result of a like method of computation, the net book value of this property for the tax year 1940, as determined by the books of the company, was the sum of $211,184. The tax commissioner disallowed and deducted from the depreciation reserve set up by the company for said year the sum of $106,096., which was and is the amount by which the assessed value of the property for said tax year exceeded the net book value thereof as so determined; and this sum of $106,096. was added to the original value of the issued and outstanding shares of stock for said tax year ($371,018.), as indicated by the report filed by the company for this year. For the tax year 1941 the net book value of this property, as indicated by the report of the company for such year, was the sum of $205,200. as against an assessed value thereof of $317,280., resulting by action of the tax commissioner in an increase in the amount of $112,080. in the value of the issued and outstanding shares of stock and an increased tax in the amount of $112.08 for said year. In 1942 the book value of this property, as indicated by the report of the company, was the sum of $199,215. as against the assessed value thereof in the sum of $317,280., resulting in an increase in the value of the stock of the company of $118,065., and an increased tax in the amount of $118.07. In the year 1943 the net book value of this property, as indicated by the report of the company for said year, was

the sum of $190,396. as against an assessed value thereof in the amount of $317,280. This assessed value of the property exceeded such net book value by the sum of $126,884., which sum together with the sum of $614.00, arising from an increase as to the surplus of the company, and amounting in all to the sum of $127,498. was added to the original value of the shares of stock of the appellant company for the year 1943, resulting in an increased tax assessed for said year in the amount of $127.50.

As indicated by the stipulation of fact, above noted, and as a matter of legal consequence, as well, the action of the tax commissioner in disallowing the appellant company's depreciation reserves for each of the tax years in question to the extent that the assessed value of appellant's property exceeded the net book value thereof, as indicated by the company's report, had the effect of increasing the net book value of appellant's property to the assessed value thereof. And the result of this action of the tax commissioner was the same as if the tax commissioner, for the purpose of determining the fair value of said property and the resulting value of the shares of stock of the company, had substituted the assessed value of the property for the book value thereof as shown by the company's report. Although under the provisions of §5498 GC, the tax commissioner was clearly authorized to determine whether the amount of depreciation reserve set up by the company for any of the tax years here in question was reasonable and to disallow such part thereof, if any, as was in excess of a reasonable depreciation reserve as determined by the tax commissioner, said officer did not, in our opinion, have the authority to determine the book value of appellant's property in the manner indicated by the facts in this case. And for this reason the action and order of the tax commissioner complained of in this appeal is hereby reversed. And inasmuch as it does not appear that the tax commissioner made any attempt to determine the reasonable amount of depreciation reserve which was allowable to the company for any such tax year, upon all the evidence and information available to him for this purpose, and since on the evidence before the Board of Tax Appeals in this case, we are unable to find that the depreciation reserves set up by the company on its books for each of said tax years were reasonable as a matter of law, it is by the Board of Tax Appeals considered and ordered that this case be remanded to the tax commissioner for further proceedings not inconsistent with this order and entry.